**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNPLUG CO, LLC d/b/a CAMP SNAP,<br>Plaintiff,<br>v.<br>YGD ECOMMERCE LLC d/b/a KLIK,<br>Defendant. | : | C.A. No.: 1:26-cv-_____-___ |

## VERIFIED COMPLAINT

Plaintiff Unplug Co., LLC d/b/a Camp Snap ("Plaintiff" or "Camp Snap"), by way of Complaint against Defendant, YGD Ecommerce LLC d/b/a Klik ("Defendant" or "Klik"), alleges and states as follows:

## INTRODUCTION

1. This action arises from Defendant's misappropriation of the design and packaging of a distinctive screenless, digital, hand-held camera with the intent of preying on the valuable goodwill generated by Plaintiff.

2. In the spring of 2023, Plaintiff released a screenless, vintage-inspired camera to the market. Plaintiff's camera was designed with the belief that every child should be able to be fully present in the moment without being stuck behind a screen. The camera was designed as a fun and interactive way for children to capture their summer camp memories while encouraging them to focus on socializing, playing games, and exploring the great outdoors. Plaintiff's camera took the

marketplace by storm and became an overnight viral success. Plaintiff has since sold millions of dollars worth of these cameras throughout the world.

3. In early 2026, Defendant entered the market with its copycat product. Despite the relatively short time period during which Defendant has been selling its camera, significant consumer confusion has arisen in the marketplace, to the detriment of both Plaintiff and the consumers themselves.

4. Plaintiff is left with no choice but to bring this lawsuit to enforce its valuable intellectual property rights and, in turn, prevent further damage to the goodwill associated with its brand and the Product.

## PARTIES

5. Plaintiff Unplug Co., LLC, d/b/a Camp Snap is a Florida limited liability company having a principal place of business in California.

6. Upon information and belief, Defendant YGD Ecommerce, LLC is a Delaware limited liability company.

## JURISDICTION AND VENUE

7. Plaintiff brings this action against Defendant for trademark infringement, false designation of origin and unfair competition arising under the Lanham Act, as amended, 15 U.S.C. §§ 1114, 1125, and trademark infringement and unfair competition in violation of Delaware law.

8. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b). Moreover, this Court has supplemental jurisdiction for all non-federal causes of action under 28 U.S.C. § 1367, in that such claims are so related to Plaintiff's claims within the original jurisdiction of this Court that they form part of the same case or controversy. This Court has jurisdiction to enter injunctive relief pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65.

9. This action arises under the federal Trademark Act, 15 U.S.C. §§ 1051 *et seq*. Subject matter jurisdiction over this action is conferred upon this Court by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. The Court has pendent jurisdiction over Plaintiff's related common law claims pursuant to 28 U.S.C. §§ 1338 and 1367(a) as the asserted state claims are substantially related to the claims arising under the trademark laws of the United States. Furthermore, this Court has pendent jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for single trial.

10. This Court has personal jurisdiction over Defendant because, inter alia, Defendant is formed in Delaware, upon information and belief is transacting and doing business within this District, and because Defendant's actions and misconduct caused injury to Plaintiff within the State of Delaware. Further, upon information

and belief, Defendant has taken and will continue to take actions, including without limitation, selling goods that infringe Plaintiff's mark, within the State of Delaware.

11. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred and are occurring within in this District and/or Defendant is subject to this Court's personal jurisdiction with respect to the instant action.

## FACTUAL ALLEGATIONS

### ***Camp Snap's Product***

12. As early as April of 2023, Plaintiff took the camera marketplace by storm with the release of its distinctive screenless digital hand-held vintage-inspired camera. Plaintiff spent a considerable amount of time, resources and effort developing a fun and interactive way to capture memories packaged in a distinctive design.

13. The Camp Snap camera features an inverted conical lens base at the front of the camera along with a screenless back portion. The front of the Camp Snap camera features a split surface texture, with a horizontal faux-leather textured design on the bottom portion and a smooth portion on top. The top left of the camera features the CAMP SNAP trademark in a fun, stylized script. The back of the camera features an oval depression. The camera is packaged in a colored cardboard box matching the color of the camera, which is sold in a range of distinctive and fun

colors. These features collectively comprise the distinctive brand of the Camp Snap camera and are referred to hereinafter as the "Camp Snap Brand".




14. The Camp Snap Brand has achieved significant praise throughout the United States as an economically priced digital camera with the same fun, vintage feel and simplicity of a disposable camera but without the waste.

15. Since as early as April 2023, Plaintiff has continuously used its Camp Snap Brand in a prominent and distinctive manner with its Product so as to distinguish itself in the camera marketplace.

16. Plaintiff markets the Camp Snap Brand throughout the country in a wide variety of physical and electronic media. This media includes websites and multiple social media platforms targeting individuals in the United States. In addition, Plaintiff's website www.campsnapphoto.com is available throughout the country.

17. Plaintiff has spent over $14,000,000 on advertising and has advertised on social media platforms to the general consuming public. Plaintiff has also been featured on news channels and articles to discuss the Camp Snap Brand and product, such as Good Morning America, NBC, The New York Times, Vice, and others. Even just since 2023, Plaintiff has generated media impressions in excess of 25 billion, which is a testament to the strong goodwill generated in the Camp Snap Brand.

***Defendant's Trademark Infringement***

18. In early 2026, Plaintiff became aware of a camera being sold by Defendant that mimicked the distinctive brand elements of Plaintiff's Camp Snap Brand.

19. As is apparent from even a cursory glance, Defendant's cameras are nearly identical in appearance, packaging, and commercial impression to the Camp Snap Brand as pictured below. Defendant's camera copies or mimics each of the distinctive elements of the Camp Snap Brand.



20. In April 2026, Plaintiff, through counsel, sent a cease-and-desist letter to Defendant requesting that they immediately cease the manufacture, acquisition, promotion, advertising, sale or distribution of its look-alike camera. Despite that letter, and continuing through the filing of this Complaint, Defendant continues to sell Camp Snap Brand rip-offs without the permission of Plaintiff.

21. Defendant's copycat product features the same small, rectangular, screen-free point and shoot frame as the Camp Snap Brand. Both cameras have an inverted conical lens base with a right-side flash window. The Defendant camera features the Defendant's name in the upper left of the front face of the camera, just like the Camp Snap Brand. The face of the Defendant camera features an identical horizontal strike of fake-leather textured material and an upper smooth portion, just like the Camp Snap Brand. The Defendant's camera is also sold in a virtually identical array of color schemes, like the Camp Snap Brand.

22. By Defendant's own description, their camera is in fact the same type of product as the Camp Snap Brand. More specifically, Defendant has described its product as a "screen-free digital camera, no preview, no filters, no notifications, just the klik of the shutter and the joy of what you'll see later." *See, e.g.*, https://klikcamera.com/products/klik-camera.

23. Upon information and belief, Defendant product is sold to an identical class of customers through identical channels of trade for identical and competitive purposes to those of the Camp Snap Brand.

24. The unauthorized use of the Camp Snap Brand by Defendant has already led to confusion in the marketplace as to the source or sponsorship of Defendant's camera product, all to the detriment of Plaintiff's business, goodwill, and valuable trademark rights. Among other things, many customers have commented online that they are confused as to the source of the Defendant camera and whether it has been authorized by Plaintiff. Other customers have questioned whether Plaintiff and Defendant's cameras are so similar because they share the same parent company.

25. This actual confusion in the marketplace has directly harmed Plaintiff and the Camp Snap Brand. Plaintiff cannot abide the ongoing harm to its brand and therefore has commenced this action.

**COUNT I**

**Trademark Infringement and False Designation of Origin**
**Under 15 U.S.C. § 1125(a))**

26. Camp Snap realleges and restates the foregoing allegations as though fully set forth herein.

27. Defendant's use in commerce of the design, packaging, and other brand elements of the Camp Snap Brand with its own Defendant camera is likely to cause

confusion, or to cause mistake, or to deceive the relevant public that Defendant's goods or services are authorized, sponsored or approved by or are affiliated with Plaintiff.

28. Defendant uses these brand elements on an identical product sold to an identical set of consumers through overlapping channels of trade.

29. Indeed, actual consumer confusion has already arisen even in the short time Defendant has been selling its product.

30. The above-described acts of Defendant constitute trademark infringement of Plaintiff's Camp Snap Brand and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Plaintiff to relief.

31. Defendant has unfairly profited from the actions alleged.

32. By reason of the above-described acts of Defendant, Plaintiff has suffered damage to the goodwill associated with Plaintiff's Camp Snap Brand.

33. The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and Plaintiff's Camp Snap Brand.

34. By reason of the above-described acts of Defendant, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted. Accordingly, Plaintiff is entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

35. Because the above-described acts of Defendant were willful, Plaintiff is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

36. Further, this is an exceptional case entitling Plaintiff for an award of attorneys' fees under 15 U.S.C. § 1117.

## COUNT II

### Unfair Competition in Violation of 18 DE Code § 2303

37. Camp Snap realleges and restates the foregoing allegations as though fully set forth herein.

38. This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

39. Defendant's unauthorized use of the design and packaging trademark of the Product in a manner that is confusingly similar to Plaintiff's Camp Snap Brand constitutes an impermissible appropriation under 18 *Del. C.* § 2303.

40. By reason of Defendant's acts of trademark infringement, Plaintiff has suffered and will continue to suffer irreparable injury to the goodwill associated with Plaintiff's Camp Snap Brand.

41. Plaintiff is entitled to an injunction against such practices, and entitled to damages, and trebled damages pursuant to 18 *Del. C.* § 2303.

## COUNT III

### Trademark Infringement under Delaware Common Law

42. Camp Snap realleges and restates the foregoing allegations as though fully set forth herein.

43. This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

44. Defendant's sale of its camera as described above constitutes trademark infringement of Plaintiff's rights in its Camp Snap Brand in violation of the common law of the State of Delaware.

45. Defendant's use in commerce of the design, packaging, and other brand elements of the Camp Snap Brand with its own Defendant camera is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant's goods or services are authorized, sponsored or approved by or are affiliated with Plaintiff.

46. Defendant uses these brand elements on an identical product sold to an identical set of consumers through overlapping channels of trade.

47. Plaintiff has sold and advertised its distinctive camera throughout the United States, including Delaware, and has generated extensive common law rights.

48. By reason of Defendant's acts of trademark infringement, Plaintiff has suffered and will continue to suffer irreparable injury to the goodwill associated with Plaintiff's Camp Snap Brand.

49. The aforementioned acts constitute common law Delaware trademark infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and grant the following relief:

A. Issue a permanent injunction order enjoining and restraining Defendant and its agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant:

(1) From engaging in any infringing activity, including advertising, promoting, marketing, selling and offering for sale, or offering any services in connection with the foregoing, that infringe the Camp Snap Brand trademark; and

(2) Requiring Defendant to deliver up to Plaintiff for destruction any and all products, packaging, advertising and promotional materials in Defendant's possession, custody or control, which contain the infringing trademark.

B. Award Plaintiff damages for Defendant's trademark infringement and violation of the Delaware common law;

C. Award Plaintiff all profits resulting from Defendant's infringement of Plaintiff's rights caused by means of Defendant's unfair competition with Plaintiff;

D. Order Defendant to account for and disgorge to Plaintiff all amounts by which Defendant has been unjustly enriched by reason of the unlawful acts complained of;

E. Award damages resulting from Defendant's willful infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117 and/or 18 DE Code § 2303;

F. Award Plaintiff exemplary or punitive damages in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

G. Award prejudgment interest on all infringement damages;

H. Awarding Plaintiff its reasonable attorneys' fees and costs incurred herein, and;

I. Granting such other further relief as is appropriate under the circumstances.

**COLE SCHOTZ P.C.**

*/s/ Andrew L. Cole*
Andrew L. Cole (No. 5712)
James S. Green, Jr. (No. 4406)
Nathaniel J. Klepser (No. 6975)
500 Delaware Avenue, Suite 600
Wilmington, DE 19801
(302) 652-3131 (Phone)
(302) 652-3117 (Fax)
acole@coleschotz.com
jgreen@coleschotz.com
nklepser@coleschotz.com

*Attorneys for Plaintiff,*
*Unplug Co, LLC d/b/a Camp Snap*

Dated: September 2, 2026